Filed 8/10/23  P. v. Ochoa CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062111 |
| v. | (Super. Ct. No. 10CF0100) |
| CHRISTOPHER RUDY OCHOA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Elizabeth G. Macias, Judge.  Affirmed.

Erica Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

*        *        *

In 2016, Christopher Rudy Ochoa pleaded guilty to manslaughter, attempted murder, a substantive gang crime, and related gang and firearm enhancements. Ochoa admitted on a plea form, in part, "I willfully and unlawfully personally used a firearm to kill Martin Herrera, a human being. I also willfully and unlawfully shot David Frias, with the specific intent to murder him." The trial court imposed an aggregate sentence of 40 years in prison.

In 2022, Ochoa filed a Penal Code section 1170.95 petition seeking to dismiss his manslaughter and attempted murder convictions, and to be resentenced (now Pen. Code, § 1172.6).[1] The trial court denied the petition.

Ochoa filed a notice of appeal. Appointed appellate counsel filed an opening brief raising no arguable issues. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Ochoa did not file a supplemental brief on his own behalf.

In the interests of justice, this court has reviewed the record and found no arguable issues. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 230 ["if the appellate court wishes, it may also exercise its discretion to conduct its own independent review of the record in the interest of justice"].) Thus, we affirm the order of the trial court.

I

PROCEDURAL BACKGROUND

In February 2016, Ochoa entered a guilty plea to manslaughter, attempted murder, and a substantive gang offense. (§§ 192, subd. (a), 664, 187, 186.22, subd. (a).) Ochoa admitted a personal use of a weapon enhancement, and a gang enhancement. (§§ 12022.5, subd. (a), 186.22, subd. (b)(1).) The court sentenced Ochoa to a total aggregate sentence of 40 years in state prison.

_____

[1] Further undesignated statutory references are to the Penal Code. The Legislature renumbered former section 1170.95 to section 1172.6 without substantive change, effective June 30, 2022. (Stats. 2022, ch. 58, § 10.)

In August 2022, Ochoa filed a postjudgment petition seeking to vacate his manslaughter and attempted murder convictions and to be resentenced. (§ 1172.6.) The prosecution filed a response, which included a copy of the abstract of judgment, the information, and the felony plea form. In the factual basis of the felony plea form, Ochoa admitted:

"In Orange County, California, on 1-23-09, I willfully and unlawfully personally used a firearm to kill Martin Herrera, a human being. I also willfully and unlawfully shot David Frias, with the specific intent to murder him. I committed these crimes while I was an active participant in 7th Street, a criminal street gang whose members I knew have engaged in a pattern of criminal activity. I committed these shootings in association with, for the benefit of, and at the direction of 7th Street with the specific intent to promote, further, and assist in felony conduct by its members."

In December 2022, the trial court conducted a prima facie hearing and denied Ochoa's petition after reviewing the record of conviction: "The Court finds that petitioner has failed to establish a prima facie case for relief." As to the manslaughter conviction, the court found Ochoa "admitted that he personally used a firearm *to kill* Martin Herrera." As to the attempted murder conviction, the court found that Ochoa "admitted to shooting David Frias with the specific intent to murder him." Ochoa's trial counsel filed a notice of appeal on his behalf.

II

DISCUSSION

When defendant's counsel identifies no arguable issues on appeal, an appellate court independently reviews the record for arguable issues. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.) Generally, "an arguable issue on appeal consists of two elements. First, the issue must be one which, in counsel's professional opinion, is meritorious. That

3

is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

Here, after independently reviewing the record, this court has similarly found no arguable issues. The record establishes Ochoa was the actual killer as to the manslaughter conviction, and Ochoa was the actual attempted killer as to the attempted murder conviction. Thus, the trial court properly denied the petition under the relevant provisions of section 1172.6. (See *People v. Lewis* (2021) 11 Cal.5th 952, 961-970.)

III

DISPOSITION

The trial court's order denying Ochoa's section 1172.6 petition is affirmed.

MOORE, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

DELANEY, J.

4